J-S02034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL ROSADO | : | |
| | : | |
| Appellant | : | No. 278 EDA 2017 |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1217452-1984

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED FEBRUARY 27, 2018**

Appellant, Daniel Rosado, appeals from the order dismissing his fourth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

Appellant was born on July 4, 1966.  On November 23, 1984, he murdered Angel Carrion.  Appellant was eighteen years old at the time of the murder.

This Court has previously summarized the procedural history of this case, as follows:

> Rosado was tried before a jury, the Honorable Juanita Kidd Stout presiding, and convicted of second-degree murder, robbery, criminal conspiracy, possession of an instrument of crime, and related offenses.  [On September 25, 1986, t]he court sentenced Rosado to life imprisonment [without parole].  On [April 14, 1987, on] direct appeal, this Court affirmed Rosado's judgment of sentence[], **Commonwealth v. Rosado**, 528 A.2d 259 (Pa. Super. 1987); Rosado did not seek review in the Pennsylvania

*Retired Senior Judge Assigned to the Superior Court

Supreme Court. Rosado filed a petition under the Post Conviction Hearing Act, (now the PCRA), which was denied. On appeal, this Court affirmed. ***Commonwealth v. Rosado***, 665 A.2d 1302 (Pa. Super. 1994). Rosado then filed a petition for allocatur in the Supreme Court of Pennsylvania, which was denied. ***Commonwealth v. Rosado***, 668 A.2d 1129 (Pa. 1995).

In 1996, Rosado filed a second petition for collateral relief, this time under the PCRA, which was dismissed. This Court, on appeal, affirmed the PCRA court's order. ***Commonwealth v. Rosado***, 742 A.2d 1151 (Pa. Super. 1999). Rosado's petition for allowance of appeal in the Supreme Court of Pennsylvania was denied. ***Commonwealth v. Rosado***, 747 A.2d 900 (Pa. 1999).

Thereafter, in November 2000, Rosado filed a petition for *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania, which was dismissed. The United States Court of Appeals for the Third Circuit denied Rosado's request for a certificate of appealability, and the United States Supreme Court denied his Petition for Writ of Certiorari.

On April 18, 2007, Rosado filed [a third] PCRA petition, which the PCRA court dismissed, without a hearing, following notice pursuant to Pa.R.Crim.P. 907.

***Commonwealth v. Rosado***, 81 A.3d 991 (Pa. Super. 2013). On May 7, 2013, this Court affirmed the dismissal of Appellant's third PCRA petition.

On March 24, 2016, Appellant filed his fourth PCRA petition. On December 20, 2016, the PCRA court dismissed the instant PCRA petition without a hearing, following notice pursuant to Pa.R.Crim.P. 907. On January 9, 2017, Appellant filed a notice of appeal.

Appellant now raises the following issues on appeal:

I. Whether [Appellant]'s Instant PCRA Petition Predicated Upon The United States Supreme Court's Decision Announced In ***Miller v. Alabama***, 567 U.S. [460] (2012), Is Timely Filed Under The Purview Of 42 Pa.C.S. §9545(b)(1)(iii)?

- 2 -

II.     Whether The Court's Imposition Of An Illegal Mandatory Life Without Parole Sentence, For A Homicide Offense Committed While Petitioner Was A Juvenile, Violates The Eighth Amendment's Prohibition On "'Cruel And Unusual Punishments,'" As A Result Of:

(A).     *Miller*'s Application Being Binding Upon All States;

(B).     Appellant Is A Juvenile Under Pennsylvania Law; And

(C).     Equal Protection Demands *Miller*'s Application.

Appellant's Brief at 2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one

of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b).[1]

Here, the PCRA court concluded that it lacked jurisdiction over Appellant's fourth petition, because the petition was untimely and Appellant failed to satisfy an exception to the PCRA's time bar. The PCRA court explained:

> There is no question that Appellant's fourth (4[th]) PCRA petition is untimely. Appellant argues that because he was eighteen (18) at the time of the offense he should receive the benefit of the ***Miller*** decision. Unfortunately for Appellant's cause, the ***Miller*** decision applies to those defendants who were under the age of 18 at the time of the offense, not over the age of 18. Appellant having reached his eighteenth birthday on July 4, 1984, over four (4) months prior to the incident means he is not within the ambit of ***Miller*** and cannot rely on that decision to overcome the

_____

[1] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

J-S02034-18

PCRA time bar. *See Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). . . .

Appellant's PCRA petition is untimely and this Court is without jurisdiction to entertain the merits. Consequently, the Order denying PCRA relief and dismissing the PCRA Petition should be affirmed.

PCRA Ct. Op., 5/17/17, at 6.

We agree that Appellant fails to meet any exceptions to the PCRA's jurisdictional time-bar. Appellant did not file the instant petition until March 24, 2016, more than a quarter of a century after his judgment of sentence became final. Appellant attempts to circumvent the time-bar by asserting the "new constitutional right" exception under subsection 9545(b)(1)(iii). Appellant's Brief at 2. Specifically, Appellant claims that:

Appellant concedes that his current PCRA petition is not filed within one year of the date his judgment of sentence became final; nonetheless, Appellant's claim fulfills the exception of 42 Pa.C.S. §9545(b)(1)(iii).

Appellant claims the United States Supreme Court's decision in *Montgomery* [*v. Louisiana*, 136 S. Ct. 718 (2016)], that held the Supreme Courts previous ruling in *Miller* applied retroactively, "is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by the court to apply retroactively." See also, *Commonwealth v. Copenhefer*, 941 A.2d 646, 649-50 (Pa.2007)(holding that language "has been held," means that the court that recognized the new right has held the right to be retroactive to cases on collateral review at the time the petition is filed); and *Commonwealth v. Miller*, 888 A.2d 624 (Pa.2005)(new substantive rule of constitutional law that execution of mentally retarded defendants violates the Eighth Amendment applied retroactively).

Appellant asserts the *Montgomery* Court has recognized a new right held to be retroactive to cases on collateral review.

- 5 -

*    *    *

> As a result of the **Montgomery** Court's retroactive application of [its] previous decision announced in **Miller**, Appellant's instant PCRA petition is timely filed, as Appellant has met the requirements of 42 Pa.C.S. §9545(b)(1)(iii) and has filed the instant PCRA petition within sixty (60) days of United States Supreme Court's decision in **Montgomery**, thus, complying with the requirements of 42 Pa.C.S. §9545(b)(2).
>
> Thus, the PCRA Court's analysis, which found Appellant's instant PCRA petition untimely filed, is incorrect and not supported by the record in this case.

**Id.** at 8-9.

Initially, we observe that Appellant is correct that the United States Supreme Court in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), held that **Miller v. Alabama**, 567 U.S. 460 (2012), applies retroactively; **Miller** held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Id.** at 465. Petitioners, such as Appellant, who were at least 18 years old at the time of their crimes "are not within the ambit of the **Miller** decision [and its corollary, **Montgomery**,] and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016). Hence, **Miller** and **Montgomery** are inapplicable to Appellant. Having discerned no abuse of discretion or error of law, we affirm the order below.

Order affirmed. Jurisdiction relinquished.

J-S02034-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18

- 7 -